UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON DAVID ALLEN,

        Plaintiff,

v.                                    Case No. 21-cv-1005-pp

DEPARTMENT OF REVENUE,
SOCIAL SECURITY ADMINISTRATION,
and INTERNAL REVENUE SERVICE,

        Defendant.

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM (DKT. NO. 1), DEFERRING RULING ON PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SETTING DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**

On August 27, 2021, the plaintiff—representing himself—filed a complaint alleging improper or incorrect record-keeping by the defendants in relation to the plaintiff's previous employment and taxes. Dkt. No. 1. The plaintiff says that he is suing for a violation of federal law under 28 U.S.C. §1331. Id. at 4. The plaintiff asks that the court order the defendants to correct his records. Id. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will dismiss the complaint for failure to state a claim, defer ruling on the plaintiff's motion to proceed without prepaying the filing fee and give the plaintiff one opportunity to amend the complaint to state a claim.

1

**I.    Screening**

In cases where the plaintiff asks to proceed without prepaying the filing fee, the court is required to dismiss the case if it determines that the claims are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff says that he is bringing his lawsuit "in pursuance of relief based on Gov. record-keeping not being done properly by both Fed. And State Agencies." Dkt. No. 1 at 2. He has sued the Department of Revenue,[1] the Social Security Administration and the Internal Revenue Service. Id. at 1-2. He alleges that the Social Security Administration (SSA) is not correctly recording the number of his previous jobs. Id. at 2. He also alleges that the Internal Revenue

---

[1] The court assumes that the plaintiff is referring to the Wisconsin Department of Revenue, because there is no federal "Department of Revenue."

Service (IRS) is not properly recording the amount of taxes he had paid into Social Security and Medicare. Id. He alleges that these errors are the fault of the Department of Revenue (DOR), alleging that it is "using a falsification of [his] record." Id. The plaintiff asserts that he has "earned employment progress the DOR refuses to update or correct." Id.

The plaintiff says that the Fifth Amendment "ratif[ies]" the Constitution's guarantee of the "Right to Life, Liberty, and Property," and he concludes this means that the tax credits he has earned are protected by his constitutional rights. Id. at 3. He says that the SSA and the IRS are violating 42 U.S.C §1983 by "removing [his] property without Trial or compensation." Id. The plaintiff describes his dilemma as a "vicious triangle of SSA and IRS saying DOR records are right, but if IRS and SSA get their info from DOR then where does DOR get their info from?" Id. The plaintiff contends that the DOR is conspiring to keep him in poverty, "as per [his] previous case" with this court. Id. (citing Allen v. Waukesha Cty. Dep't of Health and Human Serv's., *et al.*, 17-cv-233-pp (E.D. Wis. 2017))[2]. He says that his request in this case differs from his request in that case, because the 2017 case sought monetary relief and in this case he asks for the records to be fixed. Id. The plaintiff asserts that age the age of 44,

---

[2] In the 2017 case, the plaintiff raised similar claims to the claims he raises here—he alleged that the Waukesha County Department of Health and Human Services, the State of Wisconsin Department of Revenue and the United States had deleted evidence of his jobs and had taken his earnings. Allen, Case No. 17-cv-233 at Dkt. No. 1. On April 25, 2017, the court dismissed that complaint at the screening stage because the plaintiff had not demonstrated that he had a property interest protected by the Constitution and had not identified any law that allowed the court to grant the relief he requested. Id. at Dkt. No. 6.

3

he is being forced to work low-level, menial jobs such as fast food and cleaning because he has "zero job history on record." Id.

As relief, the plaintiff asks "that IRS tax records be used to give [him] his rightful Job History, by an order given to DOR to do that." Id. at 4. He says that if this court does not have the authority to do that, "a method of bypassing DOR must be established as they refuse to do the good act of honest record keeping." Id. He suggests that this could be done by having the IRS communicate directly with the SSA to get his job history recorded correctly. Id.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). 42 U.S.C. §1985, the relevant conspiracy statute, also requires that the defendant have acted under the color of state law. See Sledge v. State Farm Mutual Ins. Co., 686 Fed. App's 366 (7th Cir. 2017). Both §1983 and §1985 specifically permit a plaintiff to sue a "person" or "persons."

The plaintiff has sued one state agency—the Wisconsin Department of Revenue—and two federal agencies—the Social Security Administration and the Internal Revenue Service. Id. at 1-2. None of these defendants are suable entities under 42 U.S.C. §1983.

Section 1983 allows a plaintiff to sue a "person" who, while acting under color of state law, violations his civil (constitutional) rights. "[A] State is not a

4

person within the meaning of § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). And the Eleventh Amendment to the Constitution "bars [suits against a state for deprivations of civil liberties] unless the State has waived its immunity . . . ." Id. at 66 (citing Welch v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468, 472-73 . . . (1987)).

The court acknowledges that the plaintiff has not sued the State of Wisconsin. He has sued the Wisconsin Department of Revenue, which is an agency of the State of Wisconsin. But the Supreme Court's holding in Will applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. "The Wisconsin department of revenue, a state agency, is considered part of the state for purposes of the Eleventh Amendment." Sherman v. Wis. Dep't of Revenue, 829 F. Supp. 1068, 1070 (E.D. Wis. 1993). The court has no indication that the state of Wisconsin or the Department of Revenue have waived their sovereign immunity from suit. The plaintiff cannot sue the Wisconsin Department of Revenue under §1983.

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Hildebrant v. Ill. Dep't of Nat. Resources, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009), a plaintiff cannot sue the agency that employs the people whom he believes violated his rights; he must name as

defendants the *individuals* whom he believes violated his rights, and must specifically describe what each individual defendant did (or did not do) to violate his constitutional rights. Perhaps there are individuals at the Wisconsin Department of Revenue whom the plaintiff believes have deliberately misrepresented his prior job history. If so, the plaintiff must name those individuals as defendants, not the Department of Revenue as a whole.

Nor may the plaintiff bring claims against federal agencies under §1983. Section 1983 requires a plaintiff to demonstrate that whoever deprived him of his constitutional rights was acting under color of *state* law. "Since federal agen[cies] do not act under the color of state law, federal civil rights acts cannot normally be invoked to remedy their misconduct." Sisk v. United States, 756 F.2d 497, 500, n.4 (7th Cir. 1985). Put another way, §1983 "does not reach . . . actions of the Federal Government and its officers . . . ."[3] District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973).

Because the defendants in this case cannot be sued under §1983, the court must dismiss the complaint. But the Seventh Circuit has repeatedly held that courts should give litigants—especially litigants who are representing themselves—the opportunity to amend a complaint before dismissing the entire

---

[3] Nor may a plaintiff sue a federal *agency* under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the federal equivalent of §1983 for civil rights violations by a person acting under color of federal law. Because the purpose of Bivens is to deter constitutional violations by individual officers, the Supreme Court has "declined an invitation to extend *Bivens* to permit suit against a federal agency," even if that agency is otherwise amenable to suit. Correctional Serv's Corp. v. Malesko, 534 U.S. 61, 69-70 (2001) (citing FDIC v. Meyer, 510 U.S. 471, 484-86 (1994)).

case. See, e.g., Orozco v. Butler, 766 F. App'x 365, 369 (7th Cir. 2019). It is possible that the plaintiff might be able to identify *individuals* at the Wisconsin Department of Revenue whom he believes have violated his constitutional rights, or *individuals* at the IRS or the SSA whom he believes have violated his constitutional rights. The court will give the plaintiff one opportunity to file an amended complaint. The court is enclosing a blank amended complaint form for the plaintiff to use. The plaintiff must write the case number for this case—21-cv-1005—on the first page of the amended complaint. If he can identify individuals whom he believes have violated his constitutional rights, he must file the amended complaint, naming those individuals as defendants and describing specifically what they did to violate his rights, by the deadline the court sets below. If the court does not receive the amended complaint by the deadline below, the court will dismiss the case on the next business day without further notice or hearing.

## II. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The court will defer ruling on the plaintiff's motion to proceed without prepaying the filing fee until the deadline for him to file the amended complaint. If the plaintiff files an amended complaint and the court concludes that it states a claim upon which a federal court may grant relief, the court

then will rule on the plaintiff's motion to proceed without prepaying the filing fee.

### III. Conclusion

The court **ORDERS** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** because it fails to state a claim under 42 U.S.C. §1983. Dkt. No. 1.

The court **DEFERS RULING** on the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint on the enclosed form in time for the court to *receive* it by the end of the day on **May 23, 2022**. If the court does not receive an amended complaint from the plaintiff by the end of the day on **May 23, 2022**, the court will dismiss the case on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 26th day of April, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**