UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON DAVID ALLEN,

        Plaintiff,

                                    Case No. 21-cv-1005-pp

   v.

DEPARTMENT OF REVENUE,
SOCIAL SECURITY ADMINISTRATION,
and INTERNAL REVENUE SERVICE,

        Defendants.

**ORDER DISMISSING COMPLAINT FOR FAIURE TO STATE A CLAIM AND
DISMISSING CASE**

On August 7, 2021, the plaintiff—representing himself—filed a complaint alleging improper or incorrect record-keeping by the defendants in relation to the plaintiff's previous employment and taxes. Dkt. No. 1. On April 26, 2022, the court issued an order screening the complaint and concluding that it failed to state a claim for which a federal court could grant relief. Dkt. No. 4. The court gave the plaintiff a deadline of May 23, 2022 by which to file an amended complaint. Id. at 8. The court advised the plaintiff that if it did not receive an amended complaint by the end of the day on May 23, 2022, it would dismiss the case on the next business day without notice or hearing. Id. It mailed the order to the plaintiff at the address he had given the court in his complaint. The order has not been returned to the court as undeliverable.

The May 23, 2022 deadline has passed and the court has not received an amended complaint. As it said it would do in the April 26, 2022 order, the court will dismiss the complaint, and the case.

The court **ORDERS** that the complaint is **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. No. 1.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend either deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of May, 2022.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**